**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

NELSON GAMACHE, *et al.*,           :
                                    :
         Plaintiffs,                :
                                    :
v.                                  :          CASE NO.: 1:19-CV-21 (LAG)
                                    :
JOHN F. HOGUE, JR., *et al.*,       :
                                    :
         Defendants.                :
                                    :

## ORDER

Before the Court is Plaintiffs' Motion for Class Certification (Doc. 51) against Defendants. For the reasons stated below, Plaintiffs' Motion is **GRANTED**.

## BACKGROUND

On January 29, 2019, Plaintiffs Nelson Gamache and Edward Nofi filed this putative class action pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*, against Defendants John F. Hogue, Jr., Graham Thompson, James Urbach, Glenn Kirbo, Randy Hall, and the Administrative Committee of the Technical Associates of Georgia, Inc. Employee Stock Ownership Plan. (Doc. 1). Plaintiffs amended their Complaint on April 19, 2019. (Doc. 30). Plaintiffs, former employees of the Technical Associates of Georgia., Inc. (TAG) and participants in the TAG Employee Stock Ownership Program (ESOP), allege that Defendants engaged in prohibited transactions and breached fiduciary duties in violation of 29 U.S.C. §§ 1104(a)(1), 1105, 1106(a)(1)(D), and 1106(b). (*Id.* at 26–33).

Plaintiffs seek to certify the following class:

> Participants in the Technical Associates ESOP on or after the date stock was issued to Defendants Hogue and Thompson in connection with the 2011 Refinancing who vested under the terms of the Plan (or ERISA) and those participants beneficiaries.

> Excluded from the Class are Defendants and their immediate families, any other fiduciary of the Plan and his or her immediate family; the officers and directors of Technical Associates and their immediate family, and legal representatives, successors, and assigns of any such excluded persons.

(Doc. 51 at 9). Defendants oppose class certification under two general arguments. First, Defendants argue that Plaintiffs lack standing to represent the proposed class. Second, Defendants assert that Plaintiffs have failed to meet the requirements of Rule 23, which provides the criteria for class certification.

On July 29, 2020, Plaintiffs filed the instant Motion for Class Certification. (*See generally id.*). Defendants filed an unopposed Motion for Extension of Time (Doc. 52) to respond, which the Court granted (Doc. 53), giving Defendants until September 11, 2020 to file their response. Defendants timely filed a Response on September 10, 2020. (Doc. 56). Plaintiffs requested an extension to file a reply (Doc. 58), which the Clerk of Court granted (*see* Docket), giving Plaintiffs until October 9, 2020 to file their reply. Plaintiffs timely filed a Reply on October 9, 2020. (Doc. 63). Plaintiffs' Motion is now ripe for review. *See* M.D. Ga. L.R. 7.3.1(A).

## LEGAL STANDARD

A case may be certified as a class action only if it satisfies all four requirements of Federal Rule of Civil Procedure 23(a) and at least one of the alternative requirements of Rule 23(b). *See* Fed. R. Civ. P. 23; *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613–14 (1997). Because Plaintiffs seek class certification, they bear the burden of establishing that these requirements have been met. Under Rule 23(a), Plaintiffs must show that:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). These four prerequisites are commonly referred to as "numerosity, commonality, typicality, and adequacy." *Piazza v. EBSCO Indus., Inc.*, 273 F. 3d 1341, 1346 (11th Cir. 2001) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 156 (1982)). If the requirements under Rule 23(a) are met, Plaintiffs must establish at least one of the requirements in Rule 23(b). Under Rule 23(b), Plaintiffs must show:

> (1) prosecuting separate actions by or against individual class members would create a risk of: (A) inconsistent or varying adjudications . . . or (B) adjudications . . . [that] would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;
> (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or
> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods . . . .

Fed. R. Civ. P. 23(b). Class actions are "exception[s] to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011). Thus, the Court must conduct a "rigorous analysis" to determine whether the prerequisites of Rule 23 have been satisfied. *Id.* at 350–51. This analysis will often "entail some overlap with the merits of the plaintiff's underlying claim," such that the Court may consider merits issues that also bear directly on class certification. *Id.* at 351. While courts may not conduct "free-ranging merits inquiries at the certification stage," such questions may be considered "to the extent—but only to the extent—that they are relevant" to the Rule 23 analysis. *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 466 (2013). Once the elements of Rule 23 are met, the Court does not have discretion to deny certification of a class. *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010).

**DISCUSSION**

As discussed below, Plaintiffs have standing to bring this suit and they meet the requirements for class certification.

## I.   Standing

"[A]ny analysis of class certification must begin with the issue of standing . . . ." *Griffin v. Dugger*, 823 F.2d 1476, 1482 (11th Cir. 1987). And Rule 23 mandates that class representatives "be part of the class and 'possess the same interest and suffer the same injury' as the class members." *E. Tex. Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 403 (1997) (citation omitted). Thus, the Court starts its analysis with the issue of standing.

Under ERISA, plaintiffs must have both statutory and constitutional standing. *See In re ING Groep, N.V. ERISA Litig.*, 749 F. Supp. 2d 1338, 1345 (N.D. Ga. 2010). A plaintiff has statutory standing by being a plan participant, beneficiary, fiduciary, or the Secretary of Labor. *See* 29 U.S.C. § 1132(a)(2). For constitutional standing, a plaintiff must show that he: (1) suffered an injury in fact (i.e., "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical"); (2) causation (i.e., a traceable connection between the alleged injury in fact and the purported misconduct), and (3) redressability. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). Defendants challenge Plaintiffs' standing on two grounds: (1) that Plaintiff Nofi lacks statutory standing, and (2) that Plaintiffs Nofi and Gamache lack constitutional standing. As explained below, Plaintiffs have both statutory and constitutional standing.

First, Defendants argue that Plaintiff Nofi lacks statutory standing because—as a former employee—he is not a "participant" in the ESOP. (Doc. 56 at 8–9). Defendants also assert that Plaintiff Nofi does not have a colorable claim for benefits because he "was retired from TAG, had no expectation of returning to work there, and had received a full distribution of his benefits under the ESOP." (*Id.* at 9). ERISA defines a "participant" as "any employee or *former* employee of an employer, or any member or *former* member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan." 29 U.S.C. § 1002(7) (emphasis added). And a plan

participant "may include a former employee with a colorable claim for benefits." *LaRue v. DeWolff, Boberg & Assocs., Inc.*, 552 U.S. 248, 256 n.6 (2006) (citation omitted). A colorable claim is merely one that is not frivolous. *Panaras v. Liquid Carbonic Indus. Corp.*, 74 F.3d 786, 790–91 (7th Cir. 1996). The Court previously denied Defendants' Motion to Dismiss, finding that Plaintiffs have stated claims upon which relief can be granted. (*See* Doc. 43). Thus, the claims as presented in the Complaint are not frivolous.

The question is, therefore, whether Plaintiff Nofi, independently, has stated a non-frivolous claim. A participant's benefits in a defined contribution plan, like an ESOP, includes "the value of his account unencumbered by any fiduciary impropriety." *Lanfear v. Home Depot, Inc.*, 536 F.3d 1217, 1223 (11th Cir. 2008) (quoting *Graden v. Conexant Sys. Inc.*, 496 F.3d 291, 297 (3d Cir. 2007)). Put differently, "the benefit in a defined contribution pension plan is . . . *whatever would have been there had the plan honored the employee's entitlement*, which includes an entitlement to prudent management." *Id.* at 1222–23 (alteration in original) (quoting *Harzewski v. Guidant Corp.*, 489 F.3d 799, 804–07 (7th Cir. 2007)); *see also Larue*, 552 U.S. at 256 n.6 (stating that a former employee who withdrew all his benefit funds was still a participant); *Lanfear*, 536 F.3d at 1223 (finding that former employees who had received benefits payments still had statutory standing). Defendants' reliance on *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96 (2d Cir. 2005), is unpersuasive for two reasons. First, the Second Circuit standard required evaluation of the participant status at the time the suit was filed, whereas the Eleventh Circuit has adopted a standard which evaluates participant status at the time of the violation. *See Piazza*, 273 F.3d at 1350–51 (holding that a plaintiff could be a class representative in an ERISA claim for breach of fiduciary duty for the period that he was a participant of the defendant's plan, even though he was no longer a participant when he filed the complaint). Second, unlike the welfare plan in *Nechis*, here, ESOP is a pension plan subject to ERISA's vesting and participation requirements. *See Alday v. Container Corp. of Am.*, 906 F.2d 660, 663 (11th Cir. 1990) (citing 29 U.S.C. §§ 1051, 1081). If Plaintiffs prevail, the ESOP will recover the amount that would have been in the ESOP absent Defendants' alleged ERISA violations and those amounts will be distributed among

the participants—including Plaintiff Nofi. Therefore, Plaintiff Nofi has statutory standing because he has a colorable claim for benefits.

Second, Defendants argue that Plaintiffs lack constitutional standing because "they have not alleged nor have offered evidence that they failed to receive all benefits under the ESOP to which they are entitled, or that they personally suffered an injury." (Doc. 56 at 10). The Court disagrees. "[A] claim cannot be asserted on behalf of a class unless one named plaintiff has suffered the injury that gives rise to that claim." *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1280 (11th Cir. 2000) (citation omitted). Here, both Plaintiffs have asserted that they personally suffered an injury. The Complaint alleges that the ESOP's ownership stake declined as a result of the "stock grants" to "Hogue and Thompson in the 2011 Refinancing," which also diluted the value of the stock held by the ESOP and the "value of participants' interests" in the stock. (Doc. 30 ¶¶ 51–53). An ERISA plaintiff is not required to allege that his account balance declined or that he was not paid to satisfy the personal injury requirement. *See Pender v. Bank of Am. Corp.*, 788 F.3d 354, 365–66 (4th Cir. 2015) ("[A] financial loss is not a prerequisite for Article III standing to bring a disgorgement claim under ERISA." (alterations and citations omitted)). Unlike the plaintiffs in *Johnson v. Delta Air Lines, Inc.* and *Fuller v. Suntrust Banks, Inc.*—cases upon which Defendants seek to rely—who the court found lacked standing because they did not allege that they were invested in the funds at issue. *Johnson*, No. 1:17-cv-2608-TCB, 2017 WL 10378320, at *2 (N.D. Ga. Dec. 17, 2017); *Fuller*, No. 1:11-CV-784-ODE, 2012 WL 12869318, at *3 (N.D. Ga. Oct. 30, 2012) (finding that Plaintiff did not have constitutional standing because she was "not an investor in the Plan"). Plaintiffs, here, held stock in the ESOP—the same stock that was allegedly harmed by Defendants' actions. (Doc. 30 ¶¶ 2, 51–53, 107). Thus, Plaintiffs have satisfied the injury in fact requirement for Article III standing.

Further, Defendants argue that the named Plaintiffs lack constitutional standing to seek injunctive relief because they failed to allege a risk of future harm. (Doc. 56 at 10). "A plaintiff has standing to seek declaratory or injunctive relief only when he allege[s] facts from which it appears there is a substantial likelihood that he will suffer injury in the

future." *Bowen v. First Family Fin. Servs., Inc.*, 233 F.3d 1331, 1340 (11th Cir. 2000) (citation and internal marks omitted). And "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974). But, ERISA "participant[s] may have Article III standing to obtain injunctive relief related to ERISA's . . . fiduciary duty requirements without a showing of individual harm to the participant." *Cent. States Se. and Sw. Areas Health and Welfare Fund. v. Merck-Medco Managed Care, LLC*, 433 F.3d 181, 199 (2d Cir. 2005). Moreover, courts have removed fiduciaries when they have engaged in past wrongdoing. *See, e.g.*, *Perelman v. Perelman*, No. 10-5622, 2012 WL 3704783, at *6–7 (E.D. Pa. Aug 28, 2012) (finding participant had Article III standing for injunctive relief based on trustees' past violations of their fiduciary duties), *aff'd*, 793 F.3d 368 (3d Cir. 2015). "This broad view of participant standing under ERISA is further supported by ERISA's goal of deterring fiduciary misdeeds." *Fin. Inst. Ret. Fund v. Off. of Thrift Supervision*, 964 F.2d 142, 149 (2d Cir. 1992) (citation omitted). Under this broad view, Plaintiff Gamache has constitutional standing.

The cases cited by Defendants do not alter this conclusion as they clearly are distinguishable. (*See* Doc. 56 at 10 (citing *Bowen*, 233 F.3d 1331 and *Atkins v. Greene City Hosp. Bd.*, No. 7:16-cv-00567-LSC, 2017 WL 6383183 (N.D. Ala. Dec 14, 2017))). Unlike the plaintiff in *Bowen*, Plaintiffs in this case are not faced with a mere possibility of an enforcement provision; and unlike the plaintiff in *Atkins*, at least one Plaintiff has not withdrawn from the ESOP. Furthermore, neither has alleged that he has received all payments in full absent allegations that the fiduciary breaches would affect the amounts he would receive. *See Bowen*, 233 F.3d at 1340; *Atkins*, 2017 WL 6383183, at *2–4; *see also Prado-Steiman*, 221 F.3d at 1279 ("[A]t least one named class representative [must have] Article III standing to raise each class subclaim."). Instead, the Complaint alleges that Defendants—as fiduciaries—engaged in self-dealing and *continue* to be paid dividends that further harm the ESOP since the 2011 Refinancing. (Doc. 30 ¶¶ 59–60). Thus, Plaintiff

Gamache, a current participant in the ESOP, has constitutional standing to seek prospective relief because present adverse effects exist.

## II.   Class Certification under Rule 23

Plaintiffs have Article III standing and, as explained below, they have also carried their burden under Rule 23.

### A. Ascertainability

While not expressly included in Rule 23, "a plaintiff seeking to represent a proposed class must establish that the proposed class is adequately defined and clearly ascertainable." *Little v. T-Mobile USA, Inc.*, 691 F.3d 1302, 1304 (11th Cir. 2012) (internal marks and citations omitted). Therefore, the Court begins its Rule 23 analysis with the issue of ascertainability. A class is ascertainable when its definition contains "objective criteria that allow for class members to be identified in an administratively feasible way." *Karhu v. Vital Pharms., Inc.*, 621 F. App'x 945, 946 (11th Cir. 2015) (citation omitted). "Identifying class members is administratively feasible when it is a 'manageable process that does not require much, if any, individual inquiry.'" *Id.* (quoting *Bussey v. Macon Cnty. Greyhound Park, Inc.*, 562 F. App'x 782, 787 (11th Cir. 2014)). A plaintiff may rely on business records to establish class membership if "the records are in fact useful for identification purposes, and that identification will be administratively feasible." *Id.* at 948 (citation omitted).

Defendants do not argue that the class is not ascertainable. For the record, the Court notes that Plaintiffs' proposed class is defined as "Participants in the [TAG] ESOP on or after the date the stock was issued to Defendants Hogue and Thompson in connection with the 2011 Refinancing who vested under the terms of the Plan (or ERISA) and those participants' beneficiaries." (Doc. 51 at 9). Plaintiffs' proposed class explicitly excludes Defendants and their immediate families. (*Id.*). Moreover, the "participants" are readily identifiable given that ERISA requires Defendants to maintain records of the ESOP's participants and beneficiaries via form 5500s. *See* 29 U.S.C. §§ 1027, 1059. As these criteria are clearly defined and require little to no individual inquiry, and as the

identification of the proposed class members is administratively feasible via the form 5500s, the proposed class is ascertainable.

### B. Rule 23(a)

The Court now turns to whether Plaintiffs have established numerosity, commonality, typicality, and adequacy under Rule 23(a).

#### 1. Numerosity

Plaintiffs must show that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Courts consider several factors in determining whether joinder is practicable, including the size of the class, the nature of the action, the size of each member's claim, and their geographical dispersion. *Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030, 1038 (5th Cir. 1981). "[W]hile there is no fixed numerosity rule, 'generally less than twenty-one [persons] is inadequate, [but] more than forty [is] adequate, with numbers between varying according to [the] other factors.'" *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986) (citation omitted).

Defendants do not argue that Plaintiffs have not met the numerosity requirement. (Doc. 56 at 7). Plaintiffs allege that the ESOP has 327 participants throughout the proposed class period, including 166 active participants and 161 former employees entitled to future benefits as of December 31, 2018. (Doc. 51 at 15; Doc. 51-9 at 3). This number is sufficient to establish numerosity.

#### 2. Commonality

Rule 23(a)(2) requires plaintiffs to show that "there are questions of law or fact that are common to the class." Fed. R. Civ. P. 23(a)(2). To satisfy commonality, the claims must depend on a common contention "of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Carriuolo v. Gen. Motors Co.*, 823 F.3d 977, 984 (11th Cir. 2016) (quoting *Dukes*, 564 U.S. at 350). "[F]or purposes of Rule 23(a)(2) even a single common question will do." *Id.* (alteration in original) (quoting *Dukes*, 564 U.S. at 359). This is a "low hurdle" to overcome. *Williams v. Mohawk Indus., Inc.*, 568 F.3d 1350, 1356 (11th Cir. 2009). Even "[a]n alleged policy or practice of

treating an entire class unlawfully satisfies the commonality requirement." *Herman v. Seaworld Parks & Ent., Inc.*, 320 F.R.D. 271, 290 (M.D. Fla. 2017) (citing *Cox*, 784 F.2d at 1557–58). Plaintiffs' claims present a number of questions common to the proposed class including: (1) whether Defendants breached any fiduciary duties, (2) whether the ESOP suffered any losses, (3) how to calculate those losses (if any), and (4) what relief is appropriate. These questions are capable of class-wide resolution. *See, e.g.*, *Henderson v. Emory University*, No. 1:16-CV-2920-CAP, 2018 WL 6332343, at *5 (N.D. Ga. Sept. 13, 2018); *Krueger v. Ameriprise Fin., Inc.*, 304 F.R.D. 559, 572 (D. Minn. 2014).

Defendants dispute that commonality exists, arguing that unique defenses would apply to various plaintiffs in the defined class based on the statutes of limitations and repose.[1] The applicable statute of limitations requires that a participant must sue within six years from the last breach or violation, within three years from the date of "actual knowledge" of a breach of fiduciary duty, or, in the case of fraud or concealment, within six years from the date of the discovery of the breach or violation. 29 U.S.C. § 1113. According to Defendants, commonality is absent because the three-year statute of limitation will start running at different times and bar the claims of 20–35 class members who had "actual knowledge" that Defendants Hogue and Thompson owned stock outside the ESOP. (Doc. 56 at 13).

Without opining on the merits of Defendants' proposed argument that some claims may be time-barred, the Court notes that, while the statute of limitations may present the need for individual inquiries, it also creates common ones. For example: whether the meetings and disclosures referenced in the declarations that Defendants point to did, in fact, operate to give anyone "actual knowledge" of the claims. (*See* Doc. 56-3 ¶ 4;

---

[1]   Defendants merge their arguments regarding unique defenses under commonality, typicality, and adequacy. (Doc. 56 at 7 n.6.). "In many ways, the commonality and typicality requirements of Rule 23(a) overlap." *Prado-Steiman*, 221 F.3d at 1278. Both requirements, however, are "separate inquiries," even though "proof of each also 'tend[s] to merge.'" *Hudson v. Delta Air Lines, Inc.*, 90 F.3d 451, 456 (11th Cir. 1996) (per curiam) (citation omitted). Accordingly, the Court addresses Defendants' unique defenses separately under the commonality, typicality, and adequacy requirements. *See Ockerman v. King & Spalding*, No. 1:85-CV-2958-RCF, 1988 WL 39937, at *3 n.4 (N.D. Ga. Mar. 31, 1988) ("The unique defense argument could be addressed under the Rule 23(a) tests of commonality, typicality, or adequacy of representation.").

Doc. 56-4 ¶¶ 3–4; Doc. 56-5 ¶¶ 3–4; Doc. 56-7 ¶ 3). Should this question be resolved in the negative, there will be no basis for raising individual defenses as to the statute of limitations. At this stage of the case, however, there is nothing in the record establishing whether any class members were aware that Defendants Hogue and Thompson acquired stock through the 2011 Refinancing or with a transaction involving the ESOP. "[I]t is not enough that [Plaintiffs] had notice that something was awry; [Plaintiffs] must have had specific knowledge of the actual breach of duty upon which [they] sue[]" to trigger the statute of limitations. *Brock v. Nellis*, 809 F.2d 753, 755 (11th Cir. 1987). The issue of "actual knowledge" then is capable of class-wide resolution and is central to the validity of the claims. *Carriulo*, 823 F.3d at 984.

Defendants also contend that commonality is lacking because named Plaintiffs are time-barred by the six-year statute of repose. (Doc. 56 at 13). Specifically, Defendants claim that named Plaintiffs "do not allege facts or offer any evidence supporting that Defendants concealed Hogue's or Thompson's ownership of the stock outside the ESOP." (*Id.* at 14). The Court has already rejected this argument, ruling that Plaintiffs have sufficiently alleged fraud and concealment, such that their claims may proceed. *See Gamache v. Hogue*, 446 F. Supp. 3d 1315, 1329–31 (M.D. Ga. 2020). Contrary to Defendants' contention, erroneously citing to the Court's Order on the Motion to Dismiss, that they have "demonstrated, *as a matter of law*, that the six-year statute of repose provision in 29 U.S.C. § 113(1) bars their claims," the Court rejected this argument when Defendants previously made it. (Doc. 56 at 11 (emphasis added)). The Court found that:

> As discussed in Part I, Plaintiffs sufficiently allege ERISA violations by Defendants in Counts I and II. Plaintiffs sufficiently allege that Defendants took affirmative steps to conceal those alleged ERISA violations. Plaintiffs further allege that, as a result of Defendants' concealment, Plaintiffs discovered the violations no earlier than May 23, 2018—less than two years before they filed this lawsuit. (Doc. 30 ¶¶ 70–71.) Plaintiffs' claims, therefore, invoke § 1113's fraud or concealment exception, this action is well within that exception's six-year limitations period, and this suit was timely filed.

*Gamache*, 446 F. Supp. 3d at 1330. As is the case with the statute of limitations, this issue could be resolved in a manner that affects the class as a whole, alleviating any need for individualized defenses. Moreover, regarding the possibility that individual defenses may be necessary for the statute of limitations or statute of repose defenses, should the evidence or the development of the case reveal the applicability of unique defenses to individual Plaintiffs, the Court may revisit the issue and decertify the class, if appropriate.

Plaintiffs have leapt over the "low hurdle" by demonstrating that there are multiple common questions of law and fact. The answer to these question affects the entire class, and a resolution of these claims would resolve the issue for all claimants in "one stroke." *See, e.g.*, *In re Suntrust Banks, Inc. ERISA Litig.*, No. 1:08-CV-03384-RWS, 2016 WL 4377131, at *6 (N.D. Ga. Aug. 17, 2016) (finding breach of fiduciary duty satisfied the commonality requirement). Thus, Plaintiffs have satisfied the commonality requirement.

### 3.   **Typicality**

Rule 23(a)(3) requires that plaintiffs show that their claims or defenses "are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). While related to the commonality requirement, typicality focuses on the "individual characteristics of the named plaintiff in relation to the class." *Piazza*, 273 F.3d at 1346. A plaintiff's claim is typical if there is a "nexus between the class representative's claims or defenses and the common questions of fact or law which unite the class." *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984). But a plaintiff's claims or defenses need not be identical to the proposed class, and minor variations will not render the plaintiff's claims atypical. *Id.* Instead, a plaintiff satisfies typicality by showing that the claims or defenses "arise from the same event or pattern or practice and are based on the same legal theory." *Id.*

Plaintiffs have met their burden as to typicality. The members claims are based on the same events and legal theories: breach of fiduciary duties and monitoring the ESOP. Proof of Defendants' alleged misconduct and the alleged harm would be the same for each class member rather than turning on individual circumstances. Nor does the possible statute of limitations defense destroy typicality. As discussed above, whether the meetings and

statements at issue were sufficient to have provided "actual knowledge" has the potential of being resolved in a manner that eliminates it as a defense against the class as a whole. That said, should the evidence or the development of the case reveal the applicability of unique defenses to individual Plaintiffs, the Court may revisit the issue and decertify the class, if appropriate.

### 4. Adequacy

Under the final requirement of Rule 23(a) plaintiffs must show that they "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This requirement ensures that the legal rights of absent class members are protected. *Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 726 (11th Cir. 1987). There are two areas for which plaintiffs must demonstrate adequacy. First, the plaintiffs must show that they and their counsel "will adequately prosecute the action." *Valley Drug Co. v. Geneva Pharms., Inc.*, 350 F.3d 1181, 1189 (11th Cir. 2003) (citation omitted). Second, the plaintiffs must show that no "substantial conflicts of interest exist between the representatives and the class." *Id.* (citation omitted). The Defendants argue that Plaintiffs have failed to establish either.

### a. Prosecution of the Action

Whether the named plaintiffs will prosecute the action with sufficient vigor generally turns on "whether plaintiffs' counsel are qualified, experienced, and generally able to conduct the proposed litigation." *Kirkpatrick*, 827 F.2d at 726 (citation omitted). Defendants do not challenge the qualifications, experience, or ability of Plaintiffs' counsel to prosecute the action. (Doc. 56 at 7.) Instead, they argue that Plaintiffs lack the knowledge and understanding of their claims to represent the proposed class. (*Id.* at 15–19).

While "a potential class is entitled to more than blind reliance upon even competent counsel by uninterested and inexperienced representatives," adequacy "generally does not require that the named plaintiffs demonstrate to any particular degree that individually they will pursue with vigor the legal claims of the class." *Kirkpatrick*, 827 F.2d at 727 (citation and internal marks omitted). Courts rarely find that plaintiffs are inadequate due to a lack of involvement or awareness. Rather, a finding of inadequacy generally requires plaintiffs to "have abdicated their role in the case beyond that of furnishing their names as plaintiffs,

[such that] the attorneys, in essence, are the class representatives." *Id.* (citations and internal marks omitted). Certification will be denied when the plaintiffs display "so little knowledge of and involvement in the class action that they would be unable or unwilling to protect the interests of the class against the possibly competing interests of the attorneys." *Id.* (citations omitted). But there is no requirement under *Kirkpatrick* that the lead plaintiffs possess expert knowledge of the details of the case; rather, plaintiffs are expected to rely on counsel for guidance and advice. *See id.* at 728.

Defendants assert that named Plaintiffs will not adequately represent the class for three reasons: (1) Plaintiff Nofi lacks a basic understanding of his own claims and is not seeking an individual claim, (2) Plaintiff Gamache has demonstrated fundamentally erroneous conclusions about ERISA and the Plan, and (3) Plaintiff Gamache's credibility will be the focal point at trial. The named Plaintiffs have produced documents and responded to interrogatories (Doc. 51-16 at 2:3; Doc. 56-2 at 56:20–25, 57:3–6), appeared for depositions (Doc. 51-10; Doc. 51-11), and submitted affidavits and testimony regarding their participation in this case (Doc. 51-16; Doc. 51-18; Doc. 56-2 at 58:1–8). Plaintiff Nofi's deposition testimony also indicates a basic understanding of the case—that Defendants allegedly breached their fiduciary duties by misappropriating stocks during the 2011 Refinancing. (*See* Doc. 56-2 at 11:21–25, 50:18–25). Though Defendants criticize Plaintiff Nofi and Gamache's ability to explain the allegations of the lawsuit and inner workings of ERISA, that does not necessarily signify that he will not adequately represent the class. ERISA itself is a dense regulation and claims arising from it are complex. It is understandable that a plaintiff might not fully grasp the facts and legal theories of an ERISA action. *See Henderson*, 2018 WL 6332343, at *7 (citing *Moreno v. Deutsche Bank Americas Holding Corp.*, No. 15 Civ. 9936 (LGS), 2017 WL 3868803, at *7 (S.D.N.Y. Sept. 5, 2017); *Sims v. BB&T Corp.*, No. 1:15-CV-841, 2017 WL 3730552, at *5 (M.D.N.C. Aug. 28, 2017) (stating that ERISA claims are of a "complex nature"). Accordingly, "[t]here is no requirement under *Kirkpatrick* that the lead plaintiff must possess expert knowledge of the details of the case," and plaintiffs are expected to rely on

counsel for guidance. *In re Wells Real Est. Inv. Tr., Inc. Sec. Litig.*, No. 1:07-CV-862-CAP, 2009 WL 10688777, at *5 (N.D. Ga. Sept. 16, 2009).

Further, it is not clear that Plaintiff Nofi testified he does not have an individual claim. Defendants correctly state that Plaintiff Nofi testified that he was not personally seeking anything. (Doc. 56-2 at 50:3). That statement on its own, however, fails to capture the full context of this case. Plaintiff Nofi also stated that he was seeking "retribution on behalf of all the ESOP participants." (Doc. 56-2 at 50:7–8). As previously discussed, Plaintiff Nofi would stand to benefit if he were successful. Likewise, Plaintiff Nofi was asked whether he intended to only look out for his own personal interest, to which he responded no. (*Id.* at 58:1–8). Read in context, Plaintiff Nofi's statement does not disqualify him.

Plaintiffs in the case at bar are distinguishable from the plaintiffs in the cases cited by Defendants. *See Gregory v. Preferred Fin. Sols.*, No. 5:11-CV-422(MTT), 2013 WL 6632322, at *11 (M.D. Ga. Dec. 17, 2013) (finding plaintiff was inadequate because he "appear[ed] to lack an understanding for the basis" of his claims); *Sanchez v. Velocity Invs., LLC*, No. 1:15-CV-3096-LMM-WEJ, 2015 WL 12777990, at *5 (N.D. Ga. Dec. 11, 2015) (holding plaintiff was inadequate because she failed to submit evidence of adequacy); *Wein v. Master Collectors, Inc.*, No. 1:94-CV-2694-JOF, 1995 WL 550475, at *3 (N.D. Ga. Aug. 15, 1995) (finding plaintiff inadequate due to contradictions). Here, Plaintiffs have articulated the basis for their claims, submitted evidence of adequacy, and have not contradicted the core allegations in the complaint. Considered as a whole, Plaintiffs sworn submissions, involvement in discovery, and testimony indicating knowledge of the claims are sufficient to show that Plaintiffs have not abdicated their role in the case beyond that of furnishing their names as plaintiffs. "The Supreme Court . . . [has] expressly disapproved of attacks on the adequacy of a class representative based on the representative's ignorance," and the Court finds no basis to depart from the Supreme Court's guidance to find that the class representatives are inadequate. *Baffa v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 222 F.3d 52, 61 (2d Cir. 2000) (citing *Surowtiz v. Hilton Hotels Corp.*, 383 U.S. 363 (1966)).

Last, Defendants argue that Plaintiff Gamache is inadequate because of two credibility issues: (1) whether Plaintiff Gamache attended a staff meeting at which Defendants discussed Defendant Hogue's ownership outside the ESOP, and (2) that the Department of Labor (DOL) opined that Defendants had not committed any wrongdoing. (Doc. 56 at 19–20). Neither constitutes a credibility issue rendering Plaintiff Gamache inadequate as a class representative. Rule 23(a) requires that class representatives "possess the personal characteristics and integrity necessary to fulfill the fiduciary role of class representative." *Kirkpatrick*, 827 F.2d at 726. Class representatives serve as "guardian[s] of the interests of the class and because of the fiduciary relationship [they] must be held to a high level of responsibility." *Hall v. Nat'l Recovery Sys., Inc.*, No. 96-132-CIV-T-17(C), 1996 WL 467512, at *4 (M.D. Fla. Aug. 9, 1996) (citation omitted). And it is "[w]ithin the Court's sound discretion" to deny class certification "if there is strong indication that Plaintiff's testimony 'might not be credible.'" *Id.* at *5 (quoting *Amswiss Int'l Corp. v. Heublein, Inc.*, 69 F.R.D. 663, 671 (N.D. Ga. 1975)). But "a court must be wary of a defendant's efforts to defeat representation of a class on grounds of inadequacy when the effect may be to eliminate any class representation." *Kline v. Wolf*, 702 F.2d 400, 402 (2d Cir. 1983) (citation omitted).

At this time, there is no basis for the Court to find Gamache not credible. While Defendants offer five declarations suggesting Gamache acquired "actual knowledge" in 2014–2015, only one of the five Defendants cite explicitly states that Plaintiff Gamache was at the meeting where the TAG ownership was discussed. (*See* Doc. 56-3 ¶¶ 4–5). While there may be a question of fact for a jury to ponder, these declarations do not establish that Plaintiff Gamache lacks credibility such that the Court would have any basis to disqualify him as a class representative. The declarations certainly do not evince the type of grave misconduct at issue in the cases relied on by Defendants. Defendants' credibility arguments are a tortured stretch as the cases relied on found class representatives not credible after one accepted money in exchange for testimony, and the other actively attempted to conceal his own involvement in the defendant's security fraud. *See Wagner v. Lehman Bros. Kuhn Loeb, Inc.*, 646 F. Supp. 643, 661 (N.D. Ill. 1986); *Amswiss Int'l*

*Corp.*, 69 F.R.D. at 669. An unresolved factual dispute about a key element of the case does not begin to raise a question of credibility that would disqualify Gamache as a class representative. Furthermore, that the DOL opinion did not find wrongdoing by Defendants does not mean that Gamache is not credible. Accordingly, there is no basis to find that the named Plaintiffs will not appropriately prosecute this action.

### b.  Intra-Class Conflicts

Rule 23(a)(4) also requires Plaintiffs to show that no "substantial conflicts of interests exist between the representatives and the class." *Valley Drug Co.*, 350 F.3d at 1189 (citation omitted). "[T]he existence of minor conflicts alone will not defeat" adequacy. *Id*. Adequacy is only defeated when there is a "fundamental" conflict "going to the specific issues in controversy." *Id.* (citations omitted). "A fundamental conflict exists where some party members claim to have been harmed by the same conduct that benefitted other members of the class." *Id.* Conflict, however, is not fundamental when "all class members share common objectives and the same factual and legal positions and have the same interest in establishing the liability of defendants." *Owens v. Metro. Life Ins. Co.*, 323 F.R.D. 411, 418 (N.D. Ga. Sept. 29, 2017) (quoting *Ward v. Dixie Nat'l Life Ins. Co.*, 595 F.3d 164, 180 (4th Cir. 2010)). Adequacy is not defeated by mere speculative or hypothetical conflicts. *Ward*, 595 F.3d at 180 (citation omitted). But courts may disqualify a class representative if he is "so unduly antagonistic as to render h[im] inadequate as a class representative." *Woznicki v. Raydon Corp.*, No. 6:18-cv-2090-Orl-78GJK, 2020 WL 1270223, at *1 (M.D. Fla. Mar.16, 2020).

Defendants argue that Plaintiff Gamache's animosity toward Defendants Hogue and Thompson creates a potential intra-class conflict. (Doc. 56 at 20–21). Defendants point to Plaintiff Gamache's deposition testimony where he admitted posting copies of Defendant Hogue in a bathing suit "because he found Hogue arrogant, and thought the photograph would embarrass him." (Doc. 56 at 21; Doc. 56-1 at 10:2–6, 56:4–14). Additionally, Defendants suggest that other examples of Plaintiff Gamache's animosity exist, such as: (1) calling Defendant Thompson a "lying thief," (2) telling Defendant Thompson that he "would be waiting for [him]," and (3) displaying jealousy about supposed purchases by

Defendant Hogue. (Doc. 56 at 21; Doc. 56-1 at 87:5–13, 89:22–25, 278:13–24, 279:16–25).

While the Court may "properly consider the plaintiff's vindictiveness toward the defendant in determining whether the plaintiff is an adequate representative," Plaintiff Gamache's comments do not rise to the level of a substantial conflict of interest between him and the class. *Smith v. Ayers*, 977 F.2d 946, 949 (5th Cir. 1992) (citing *Davis v. Comed, Inc.*, 619 F.2d 588, 593–94 (6th Cir. 1980)); *see also Valley Drug Co.*, 350 F.3d at 1189. This is especially true as the proposed class explicitly excludes Defendants and their immediate families. Antagonism only renders a class representative inadequate when the plaintiff has ulterior motives unrelated to the instant litigation. *Compare Smith*, 977 F.3d at 949 (finding plaintiff had an ulterior motive when he peppered his brief with epithets and had numerous previous lawsuits with the defendants), *with Woznicki*, 2020 WL 857050, at *11–12 (finding plaintiff was not unduly antagonistic despite social media threats against defendant's family members). It was only after Plaintiff Gamache learned of Defendant Hogue's alleged breach of fiduciary duty that he displayed any antagonistic behavior. (Doc. 51 at 16; Doc. 56-1 at 140–41). Prior to this litigation Plaintiff Gamache and Defendants enjoyed a good relationship. (Doc. 51 at 16; Doc. 56-1 at 140:9–25, 151:14–16).

It would be highly illogical not expect a certain amount of animosity from a plaintiff against a defendant who the plaintiff believes has wronged him. But such animosity stemming from the subject matter of the litigation is not unduly antagonistic. *See, e.g.*, *Cnty. of Suffolk v. Long Island Lighting Co.*, 710 F. Supp. 1407, 1415–16 (E.D.N.Y. 1989) ("It is stating the obvious to say that litigation is often born of ill will, and this is no less true in class actions. To expect these plaintiffs to be completely neutral when they allege that the defendants have defrauded them . . . is to expect too much."); *Woznicki*, 2020 WL 857050, at *12 (collecting cases). Despite Plaintiff Gamache's antagonism against Defendant Hogue, at this time, it does not appear to render him inadequate as a class representative. The Court will monitor "potential" conflicts as the case proceeds and may

"revisit and de-certify the class," if appropriate. *Henderson*, 2018 WL 6332343, at *7 (citation omitted).

### C. Rule 23(b)

Having satisfied each element of Rule 23(a), Plaintiffs must also satisfy "through evidentiary proof [that] at least one of the provisions of Rule 23(b)" applies. *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013). Plaintiffs claim that class certification is proper under Rule 23(b)(1) or (b)(2). (Doc. 51 at 26). Recently, Courts in this circuit have certified classes in ERISA breach of fiduciary duty actions, like this case, under either subsection of Rule 23(b)(1). *See, e.g.*, *Henderson*, 2018 WL 6332343, at *10; *Agnone v. Camden Cnty., Ga.*, No. 2:14-cv-00024-LGW-BKE, 2019 WL 1368634, at *7–8 (S.D. Ga. Mar. 26, 2019); *Clark v. Duke Univ.*, No. 1:16-CV-1044, 2018 WL 1801946, at *9–10 (M.D.N.C. Apr. 13, 2018). Consistent with those decisions, the Court finds that the proposed class satisfies Rule 23(b)(1).

As noted above, Rule 23(b)(1) permits certification in two scenarios. First, under Rule 23(b)(1)(A), when separate actions by the individual class members would create a risk of "inconsistent or varying adjudications . . . that would establish incompatible standards of conduct for the party opposing the class." Fed. R. Civ. P. 23(b)(1)(A). And second, when individual adjudications "as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests." Fed. R. Civ. P. 23(b)(1)(B).

The proposed class meets the requirements of Rule 23(b)(1)(A). Plaintiffs allege that Defendants breached their fiduciary duties based on management of the ESOP. As participants in the ESOP, the alleged breach affects all class members. And, as the Eleventh Circuit has recognized, adjudicating these claims among 327 participants individually runs the risk of inconsistent results that could place "incompatible standards of conduct" on Defendants. *See Piazza*, 273 F.3d at 1352. Defendants, however, argue that certification under Rule 23(b)(1)(A) is inappropriate because the relief sought is primarily monetary. (Doc. 56 at 22). Plaintiffs seek a declaratory judgement, including the disgorgement of

profits made as a result of the allegedly prohibited transaction, a constructive trust over the proceeds of any such transaction, and "any other equitable relief, whatever is in the best interest of the Plan." (Doc. 30 at 34). "[T]he fact that this relief takes the form of a money payment does not remove it from the category of traditionally equitable relief." *CIGNA Corp. v. Amara*, 563 U.S. 421, 441 (2011). Considering *CIGNA*, it is appropriate to certify a class action seeking both monetary damages and "other forms of equitable relief" under Rule 23(b)(1)(A). *See Gearlds v. Entergy Servs., Inc.*, 709 F.3d 448, 451 (5th Cir. 2013) (explaining that a "monetary make-whole remedy" could be classified as equitable relief under ERISA § 502(a)(3)); *Harris v. Koenig*, 271 F.R.D. 383, 393–94 (D.D.C. 2010) (collecting cases holding that Rule 23(b)(1)(A) certification is appropriate for ERISA § 502(a)(2) claims for monetary relief). Furthermore, disgorgement and constructive trusts have been held to be equitable remedies. *See Liu v. SEC*, 140 S. Ct. 1936, 1947 (2020) (finding disgorgement is an equitable remedy); *CIGNA Corp.*, 536 U.S. at 439 (2011) (defining a constructive trust as an equitable remedy if "the funds in question were '*particular* funds or property in the defendant's possession.'" (citation omitted)). Accordingly, certification under Rule 23(b)(1)(A) is proper.

Second, the proposed class also meets the requirements under Rule 23(b)(1)(B). "In light of the derivative nature of ERISA § 502(a)(2) claims, breach of fiduciary duty claims brought under § 502(a)(2) are paradigmatic examples of claims appropriate for certification as a Rule 23(b)(1) class, as numerous court have held." *In re Schering Plough Corp. ERISA Litig.*, 589 F.3d 585, 604 (3d Cir. 2009) (citations omitted). The allegations in the complaint are based on alleged duties and relief owed to the ESOP. Rule 23(b)(1)(B) was drafted for "situations where lawsuits conducted with individual members of the class would have the practical if not technical effect of concluding the interests of the other members as well, or of impairing the ability of others to protect their own interests." *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 833 (1999) (citation omitted). A classic case of a Rule 23(b)(1)(B) suit includes one with an "action[] charging 'a breach of trust by an indenture trustee or other fiduciary similarly affecting the members of a large class' of beneficiaries, requiring an accounting or similar procedure 'to restore the subject of the trust.'" *Id.* at 834

(quoting Fed. R. Civ. P. 23 advisory committee's note to the 1966 amendment). Stated differently, because the fiduciary claims are brough on behalf of the ESOP, individual adjudication would necessarily affect—or be "dispositive of the interest of"—plan participants absent from that individual action, or otherwise "would substantially impair or impede their ability to protect their interests" as participants in the ESOP. Fed. R. Civ. P. 23(b)(1)(B).

Despite Defendants' assertion that certification under Rule 23(b)(1)(B) is improper because "many individual questions between and among the putative class members exist," as stated above, individual differences among class members will not destroy class certification and Plaintiffs in this case have not "rejected the gravamen of the class claims." *In re BellSouth Corp. ERISA Litig.*, No. 1:02-CV-2440-JOF, 2005 WL 8154294, at *8 (N.D. Ga. Sept. 30, 2005). Plaintiffs seek recovery on behalf of the entire ESOP to correct and prevent the alleged breach of fiduciary duties. Accordingly, class certification is also proper under Rule 23(b)(1)(B).[2]

## CONCLUSION

Accordingly, Plaintiffs' Motion for Class Certification (Doc. 51) is **GRANTED**.

a. The Court **CERTIFIES** the following class:

> Participants in the Technical Associates ESOP on or after the date stock was issued to Defendants Hogue and Thompson in connection with the 2011 Refinancing who vested under the terms of the Plan (or ERISA) and those participants beneficiaries.

> Excluded from the Class are Defendants and their immediate families, any other fiduciary of the Plan and his or her immediate family the officers and directors of Technical Associates and their immediate family, and legal representatives, successors, and assigns of any such excluded persons.

---

[2] Because the Court finds that Plaintiffs satisfy Rule 23(b)(1) it need not address Rule 23(b)(2) or (b)(3). *See Piazza*, 273 F.3d at 1352 (holding that where a claim meets the requirements of Rule 23(b)(1) or (b)(2), certification under Rule 23(b)(3) is an abuse of discretion).

b. The Court **DEFINES** the class claims as those stated in Plaintiffs' Amended Complaint (Doc. 30), dated April 19, 2019.

c. The Court **APPOINTS** Plaintiffs Nelson Gamache and Edward Nofi as class representatives.

d. The Court **APPOINTS** R. Joseph Barton of Block & Leviton LLP and Nina Wasow and Daniel Feinberg of Feinberg, Jackson, Worthman & Wasow LLP as co-lead class counsel. The Court also **APPOINTS** Stone Law Group Trial Lawyers, LLC as liaison class counsel.

e. The Court **DIRECTS** Defendants to disclose to Plaintiffs, within **fourteen (14) days** of this Order, the names, last known addresses, email addresses (to the extent known), dates of birth, and job titles of all potential class members employed by Defendants, in electronic, importable, and searchable format.

   **SO ORDERED**, this 2nd day of March, 2021.

   /s/ Leslie A. Gardner
   **LESLIE A. GARDNER, JUDGE**
   **UNITED STATES DISTRICT COURT**