**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

|  |  |
|---|---|
| Nelson Gamache and Edward Nofi, individually and on behalf of a class of all others similarly situated, <br><br> *Plaintiffs*, <br><br> v. <br><br> John F. Hogue, Jr., Graham Thompson, Glenn Kirbo, James Urbach, Jeanne C. Hall (Administrator of the Estate of Randy Hall, deceased), and the Administrative Committee of the Technical Associates of Georgia, Inc. Employee Stock Ownership Plan, <br><br> *Defendants*, <br><br> and <br><br> Technical Associates of Georgia, Inc. Employee Stock Ownership Plan, <br><br> *Nominal Defendant* | No. 1:19-cv-00021-LAG <br><br><br> **PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY** |

Plaintiffs respectfully submit the attached decision by the United States Supreme Court, *Cunningham v. Cornell University*, No. 23-1007, 2025 WL 1128943, at *2 (April 17, 2025), for this Court's consideration with respect to Count II, which alleges claims under ERISA § 406(a). In *Cunningham,* the Supreme Court addressed which party had the burden on ERISA § 406 and whether plaintiff or defendant had the burden to address any exemptions to ERISA § 406.  *Id.* at *2.  The Supreme Court held that ERISA § 408, 29 U.S.C. "§ 1108 sets out affirmative defenses, so it is defendant fiduciaries who bear the burden of pleading and proving that a § 1108 exemption applies to an otherwise prohibited transaction under § 1106." *Id.* at *2.

In *Cunningham,* Cornell University was the plan "administrator for two defined-contribution retirement plans." *Id.* at *3. The participants in the plans "sued Cornell and other plan fiduciaries alleging," that defendants "violated [ERISA § 406(a)(1)(C), 29 U.S.C.] § 1106(a)(1)(C) by causing the plans to engage in prohibited transactions" by paying certain service providers for providing certain services. *Id.* at *3.

The Supreme Court held that the "well-settled 'general rule of statutory construction that the burden of proving justification or exemption under a special exception to the prohibitions of a statute generally rests on one who claims its benefits'" applies to ERISA. *Id.* at *5 ("The same is true of ERISA.").  As the ERISA § 408, 29 U.S.C." § 1108 exemptions are 'writ[ten] in the orthodox format of an affirmative defense" these ERISA § 408, 29 U.S.C § "1108 exemptions must be pleaded and proved *by the defendant who seeks to benefit from them*." *Id.* (emphasis added). As a result, the burden of persuasion of the elements of the exemptions are "shifted to defendants." *Id.* at *6. Thus, "Plaintiffs are not required to plead and prove that the myriad § 1108 exemptions pose no barrier to ultimate relief." *Id.* at *8.

Dated: April 22, 2025

Respectfully submitted,

*/s/ R. Joseph Barton*
R. Joseph Barton *(pro hac vice)*
THE BARTON FIRM LLP
1633 Connecticut Ave., Suite 200, N.W.
Washington, D.C. 20009
Tel: (202) 734-7046
Email: jbarton@thebartonfirm.com

Daniel Feinberg *(pro hac vice)*
Nina Wasow *(pro hac vice)*
Anne Weis *(pro hac vice)*
FEINBERG, JACKSON, WORTHMAN &
WASOW LLP
2030 Addison St., Ste. 500
Berkeley, CA 94704
Tel: (510) 269-7998
Email: dan@feinbergjackson.com
Email: nina@feinbergjackson.com
Email: anne@feinbergjackson.com

William S. Stone
STONE LAW GROUP TRIAL LAWYERS, LLC
P.O. Drawer 70
Blakely, GA 39823
Tel: (229) 723-3045
Email: billstone@stonelaw.com

*Attorneys for Plaintiffs*