**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| Nelson Gamache and Edward Nofi, individually and on behalf of a class of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> John F. Hogue, Jr., Graham Thompson, Glenn Kirbo, James Urbach, Jeanne R. Hall (Administrator of the Estate of Randy Hall, deceased), and the Administrative Committee of the Technical Associates of Georgia, Inc. Employee Stock Ownership Plan, <br><br> Defendants. | Case No.:  1:19-cv-00021-LAG |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' APRIL 22, 2025, NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants John F. Hogue, Jr. ("Hogue"), Graham Thompson ("Thompson"), the Technical Associates of Georgia Inc. ("TA" or the "Company") Employee Stock Ownership Plan (the "Plan" or the "ESOP"), the Estate of Randy Hall ("Hall"), James Urbach ("Urbach"), Glenn Kirbo ("Kirbo"), and the Administrative Committee of Technical Associates of Georgia Inc. Employee Stock Ownership Plan (the "Committee") (collectively, "Defendants"), hereby submit the following response to Plaintiffs' April 22, 2025, Notice of Supplemental Authority. ECF 311. To the extent the Court considers Plaintiffs' Notice of Supplemental Authority, Defendants respectfully request that the Court also consider Defendants' below response.

Plaintiffs submitted the Supreme Court's recent decision in *Cunningham v. Cornell University*, No. 23-1007, 2025 WL 1128943, at *2 (April 17, 2025) for the Court's consideration

1

with respect to Plaintiffs' ERISA § 406(a) prohibited transaction claim in Count II. ECF 311. The *Cunningham* decision is consistent with the parties' existing post-trial briefing and thus should not impact the Court's analysis in this case. Defendants already acknowledged in their post-trial briefing that Defendants bear the burden of persuasion to establish that the ERISA § 408(b)(3) exception applies to Plaintiffs' prohibited transaction claims under ERISA § 406. *See* ECF 307 at 12 ("Defendants have proven that the § 408(b)(3) exemption applies."); ECF 310 at 130, ¶ 410 ("Defendants met this burden"). The *Cunningham* decision, however, does not address or implicate Plaintiffs' other claims, including Plaintiffs' claim that Defendants Hogue and Thompson knowingly participated in a prohibited transaction as non-fiduciaries in violation of ERISA § 502(a)(3), Plaintiffs' breach of fiduciary duty and duty to monitor claims under ERISA § 404, and Plaintiffs' co-fiduciary liability claims under ERISA §405(a)(2), (3).

Respectfully submitted,

Dated: April 29, 2025    By:    */s/ Julian L. André*

Theodore M. Becker (*pro hac vice*)
**MCDERMOTT WILL & EMERY LLP**
444 West Lake Street, Suite 4000
Chicago, IL 60606-0029
(312) 984-6934
tbecker@mwe.com

Julian L. André (*pro hac vice*)
Tala Jayadevan (*pro hac vice*)
**MCDERMOTT WILL & EMERY LLP**
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206
(310) 551-9335
jandre@mwe.com
tjayadevan@mwe.com

Joelle C. Sharman (GA Bar No.637931)
**O'HAGAN MEYER**
555 North Point Center East, 4th Floor
Alpharetta, GA 30022
(312) 422-6200
jsharman@ohaganmeyer.com

Robert E. Lesser (GA Bar No. 447087)
**LAW OFFICES OF ROBERT E. LESSER**
7200 Highway 278 NE, Suite 205
Covington, GA 30014
(770) 385-5111
relesser@relesserlegal.com

*Attorneys for Defendants*
*John F. Hogue, Jr., Graham Thompson, Glenn*
*Kirbo, James Urbach, Jeanne C. Hall (Administrator*
*of the Estate of Randy Hall, deceased), and the*
*Administrative Committee of the Technical*
*Associates of Georgia, Inc. Employee Stock*
*Ownership Plan*

3

**CERTIFICATE OF SERVICE**

I certify that on April 29, 2025, I caused the foregoing Response to Plaintiffs' Objection to the Submission of Amended Volume III of the Trial Transcript and Alternative Motion to Correct the Trial Record Pursuant to Federal Rule of Civil Procedure 60(a) to be electronically filed with the Clerk of the Court using the CM/ECF system, by operation of which it was served on counsel of record for all parties.

*/s/ Julian L. André*
Julian L. André